UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case Number 8:09-cv-454-T23-TGW

FSC FRANCHISE COMPANY, LLC,
A Delaware Limited Liability Company,                JURY TRIAL DEMANDED
        Plaintiff,                                  INJUNCTIVE RELIEF
DEMANDED

Versus

EXPRESS CORPORATE APPAREL, LLC,
A Florida Limited Liability Company, and
RICHARD DONAHUE, individually,
        Defendants.
_____/

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND
DEMAND FOR INJUNCTIVE RELIEF**

      The DEFENDANTS, by and through the undersigned attorney, hereby answer the COMPLAINT in the above styled action, assert certain affirmative defenses, and make counterclaims against the PLAINTIFF or PLAINTIFFS as the case may be and, in support thereof, would show:

      1. The DEFENDANTS admit that the business entity which operates "Beef O' Brady's Family Sports Pubs" operates restaurants which provide food and beverage service. The DEFENDANTS are without knowledge with respect to the remaining allegations of paragraph 1 and would demand strict proof thereof. Moreover, DEFENDANTS are confused by the preamble to the COMPLAINT which suggests by its use of the plural in two separate references to the plaintiff while the remainder of the COMPLAINT, except the reference to "WTC" IN PARAGRAPH 34, refers to only a singular PLAINTIFF. Accordingly, it is demanded that the PLAINTIFF or PLAINTIFF'S identify each and every party who may be appearing in this matter

as a party PLAINTIFF, and, in particular, identify referred as 'WTC" in paragraph 34 for whom damages are claimed and to strike or remove any PLAINTIFF not properly joined to this action.

2. Admitted.

3. Denied.

4. Admitted.

5. Without knowledge with respect to the relationship between FSC and the various Beef O' Brady's Family Sports Pub restaurants, but admitted that such restaurants provide food and beverage service.

6. Without knowledge with respect to the ownership of said trademarks by the designated PLAINTIFF or PLAINTIFFS as the case may be since no record of assignment has been furnished or attached to the COMPLAINT and since no trademark certificate has been attached to the COMPLAINT.

7. Admitted that FSC and EXPRESS CORPORATE entered into the agreement attached to the COMPLAINT as Exhibit 1 on or about February 1, 2008, but the remainder of paragraph 7 is denied.

8. Admitted that EXPRESS CORPORATE has acknowledged that the operator of the Beef O' Brady's 80s franchise chain owns the rights to the trademarks asserted with respect to its food and beverage service but the remainder of paragraph 8 is denied.

9. Admitted that FSC's counsel sent the letter attached to the COMPLAINT as Exhibit 2 but denied that such letter terminated the agreement at 11:59 PM on December 31, 2008.

10. Since DEFENDANTS deny that the agreement was terminated, paragraph 10 is denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied. In particular, the PLAINTIFF or PLAINTIFFS as the case may be have failed to establish that the agreement attached to the COMPLAINT as Exhibit 1 has been terminated, that the PLAINTIFF or PLAINTIFFS as the case may be have failed to establish that they are the real party or parties in interest; have failed to establish that they have superior trademark rights to the DEFENDANTS with respect to the use of the marks for the purpose of marketing apparel items; or that the DEFENDANTS have waived any conditions precedent to the initiation of this legal action.

15. The DEFENDANTS re-allege and reincorporate their responses to paragraphs 1 through 14 above (if such is meant by the PLAINTIFF, or PLAINTIFFS as the case may be) reference to "paragraphs preceding count one".

16. Denied that the DEFENDANTS have infringed any trademark rights owned by the PLAINTIFF or PLAINTIFFS as the case may be.

17. DEFENDANTS are without knowledge of the ownership status of the PLAINTIFF or PLAINTIFFS as the case may be in such marks since the registration certificates have not been attached to the COMPLAINT and since there is no record of assignment of any trademarks to the PLAINTIFF or PLAINTIFFS as the case may be.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. The DEFENDANTS re-allege and reincorporate their responses to paragraphs 1 through 14 above (if such is meant by the PLAINTIFF, or PLAINTIFFS as the case may be) reference to "paragraphs preceding count one".

23. Without knowledge but demand strict proof. In particular, the PLAINTIFF or PLAINTIFFS as the case may be have failed to identify "the agreement that states "upon termination of this agreement licensee shall immediately discontinue all use of the marks and other trademark service mark or term confusingly similar thereto"" and further such phrase does not make sense.

24. Without knowledge since the agreement which was allegedly terminated is not specified in paragraph 24.

25. Without knowledge of which agreement the PLAINTIFF or PLAINTIFFS as the case may be refer in paragraph 25 but denied that the DEFENDANTS have reached any agreement or right at the PLAINTIFF or PLAINTIFFS may have in any trademark rights owned or established by them.

26. Denied.

WHEREFORE, DEFENDANTS demand jury trial on all issues so triable and judgment in their favor together with an award of the costs of this litigation and a reasonable fee for their attorney.

27. The DEFENDANTS re-allege and reincorporate their responses to paragraphs 1 through 14 above (if such is meant by the PLAINTIFF, or PLAINTIFFS as the case may be) reference to "paragraphs preceding count one".

28. Denied.

29. Without knowledge with respect to the ownership of said trademarks by the only identified PLAINTIFF since no record of assignment has been furnished or attached to the COMPLAINT and since no trademark certificate has been attached to the COMPLAINT.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied. Moreover, the DEFENDANTS are unaware of what entity is meant by the term "WTC" unless it is the other PLAINTIFF referenced or indicated by the preamble's description of plural PLAINTIFFS. DEFENDANTS deny any activity which may, in any way, affect any business entity known as WTC.

35. Denied.

WHEREFORE, DEFENDANTS demand jury trial on all issues so triable and judgment in their favor together with an award of the costs of this litigation and a reasonable fee for their attorney.

**FIRST AFFIRMATIVE DEFENSE - PLAINTIFF OR PLAINTIFFS (as the case may be) LACK TRADEMARK RIGHTS IN APPAREL ITEMS**

36. The PLAINTIFF or PLAINTIFFS as the case may be do not have any controlling or marketable trademark rights in the trademarks asserted against the DEFENDANTS in this case since, as their trademark certificates make clear and as their own COMPLAINT makes clear, their trademark registration claim and claimed use of their marks extends exclusively to food and beverage services in restaurants which utilize the trademarks for their restaurant and food and beverage service businesses. Consequently, FSC has failed to plead and establish either a

trademark cause of action and has also failed to achieve the conditions precedent for maintaining such action.

### SECOND AFFIRMATIVE DEFENSE - EXPRESS CORPORATE HAS SUPERIOR COMMON LAW TRADEMARK RIGHTS FOR APPAREL AND CLOTHING ITEMS

37. DEFENDANT has superior trademark rights in the trademarks claimed by the PLAINTIFF or PLAINTIFFS as the case may be in the market areas of apparel and clothing due to its long-standing and clear terms of use of the marks with respect to the manufacture of apparel items. Such use began in 1995 and has continued through the present until the PLAINTIFF or PLAINTIFFS as the case may be attempted to deprive the DEFENDANTS of their common law rights in these marks.

### THIRD AFFIRMATIVE DEFENSE - CONTRACT VALIDITY

38. The contract attached to the COMPLAINT as Exhibit 1 is ambiguous with respect to the termination of the agreement represented in such Exhibit 1. In a paragraph number 7 it states that the agreement is to last for a period of two years, the numerical term being handwritten. In the next numbered paragraph it states that the agreement is terminable by notice of either party. These two terms are clearly ambiguous and repugnant with one another. The contract was prepared by and drafted by the PLAINTIFF or PLAINTIFFS as the case may be. Accordingly, under any construction of ambiguous terms in contracts, such must be considered a two-year term for any or all of the following reasons. First, ambiguities are to be construed against the drafter. Second, when there is an ambiguity in one construction permits a clear determination of an event and the other is in definite than the interpretation which allows a clear determination is favored over one which is indefinite. Finally, handwritten terms are given preference over boilerplate. Accordingly, whatever rights were conveyed to the DEFENDANTS by the PLAINTIFF or PLAINTIFFS as the case may be are valid until February 8, 2010.

## FOURTH AFFIRMATIVE DEFENSE - ESTOPPEL

39. The PLAINTIFF or PLAINTIFFS as the case may be are barred by the doctrine of estoppel since their purposeful and knowing acquiescence of the use of its food and beverage service marks by the DEFENDANTS for its apparel products for the benefit of both parties since 1996 has indicated that they have accepted and agreed to such use of the marks by the DEFENDANTS with respect to apparel items. Such use has benefitted both parties and FSC has accepted such benefits at the expense of ECA. Moreover, franchise stores of the PLAINTIFF or PLAINTIFFS as the case may be continue to sell and market related trademarked items of the DEFENDANTS without objection by the PLAINTIFF or PLAINTIFFS as the case may be. Accordingly, any representation by the PLAINTIFF or PLAINTIFFS as the case may be that the trademarks are jeopardized by the use of the trademarks by the DEFENDANTS can clearly be seen to be false. In fact, the apparel merchandise made and marketed by the DEFENDANTS is superior in workmanship and materials to competing goods which are now and have recently been marketed under the same trademark by other manufacturers.

## FIFTH AFFIRMATIVE DEFENSE - LACHES

40. The PLAINTIFF or PLAINTIFFS as the case may be have waived any right to interfere with the DEFENDANTS common law rights in the marks by having accepted the benefits of the DEFENDANTS use of the marks in having enhanced the goodwill of PLAINTIFF'S or PLAINTIFFS' (as the case my be) restaurant businesses by making high quality apparel available to franchisees of the PLAINTIFF or PLAINTIFFS as the case may be marketed under the DEFENDANTS' trademarked name with respect to apparel items. FSC's acquiescence in this activity has been relied upon by EXPRESS CORPORATE by its continuing to develop and improve its related trademark products and by its having devoted a substantial

portion of its operating costs and efforts to benefit FSC and to support and enhance the trademarks of FSC.

## COUNTERCLAIMS OF DEFENDANTS RICHARD DONAHUE AND EXPRESS CORPORATE APPAREL, LLC

The DEFENDANTS, COUNTER PLAINTIFFS, Richard Donahue (hereinafter DONAHUE.) and EXPRESS CORPORATE Apparel, LLC (hereinafter referred to as EXPRESS CORPORATE) sues the PLAINTIFF(or PLAINTIFFS as the case may be) FSC and WTC (if applicable) and, in support thereof, would show:

41. COUNTER PLAINTIFF DONAHUE is an individual who is resident of Pinellas County, Florida, which is situate in the United States Middle District of Florida. COUNTER PLAINTIFF EXPRESS CORPORATE is a Limited Liability Company registered to do business in the State of Florida and resident of the Pinellas County, Florida, which is situate in the United States Middle District of Florida.

42. PLAINTIFF, COUNTER DEFENDANT, FSC is a Delaware Corporation which has its principal place of business within the United States Middle District of Florida.

43. COUNTER PLAINTIFFS are unaware of the identity of WTC, which has claimed damages in this action, but would include them, to the extent applicable, with respect to their allegations in this counterclaim.

44. DONAHUE, during 1996, worked with the founder of the Beef O' Brady's chain to continue the development of its trademark in, at the request of said founder, and began to market its own high quality apparel items, such as T-shirts and caps, which incorporated logos and designs with what later bEXPRESS CORPORATEme the registered trademark for the food and beverage service operations of the Beef O' Brady's restaurant chain.

45. DONAHUE and its successor, EXPRESS CORPORATE, based upon a handshake deal with said founder, bEXPRESS CORPORATEme the exclusive suppliers of such apparel items throughout the Beef O' Brady's chain. COUNTER PLAINTIFFS did not pay royalties or a licensing fee to the Beef O' Brady's chain of restaurants and the Beef O' Brady's chain of restaurants did not pay a royalty to COUNTER PLAINTIFFS. Instead, the Beef O' Brady's chain stocked its souvenir shops with the apparel items marketed by COUNTER PLAINTIFFS and relied upon to COUNTER PLAINTIFFS to provide those items for its customers.

46. Throughout the years COUNTER PLAINTIFFS continued to develop variations of said Marks on clothing items and caps, including the shorthand name for Beef O' Brady's which was "Beef's" which was away corporate managers would refer to the restaurants in various locations. Accordingly, COUNTER PLAINTIFFS continued in exclusive use of such marks with apparel items have caused it to become associated with such trademarks and such trademarks have acquired a secondary meaning of the identification of the COUNTER PLAINTIFFS as the source of such apparel items. Accordingly, COUNTER PLAINTIFFS have acquired substantial common law trademark rights with respect to such trademarks used in the marketing of apparel items

47. Such relationship continued through the sale of Beef O' Brady's to its present owner, FSC and, perhaps, the entity described only as WTC.

48. In February of 2008, FSC entered into a two year agreement with COUNTER PLAINTIFF EXPRESS CORPORATE in which it made reference to its ownership of various trademarks used in its food and beverage services offered in its restaurants. EXPRESS CORPORATE understood this agreement to be a two-year agreement and also considered it only effective with respect to the validity of COUNTER DEFENDANT's own trademark

registrations. EXPRESS CORPORATE never intended to undertake food or beverage service operations.

49. COUNTER PLAINTIFFS have learned that FSC has, despite its promise of two years of exclusivity, begun to market clothing items incorporating its food and beverage service trademarks manufactured by competing apparel sources in violation of COUNTER PLAINTIFFS common law trademark rights.

50. COUNTER PLAINTIFFS have found it necessary to retain the services of the undersigned attorney with respect to the enforcement of their rights in such common law trademarks.

### COUNTERCLAIM COUNT ONE-INFRINGEMENT OF COMMON LAW TRADEMARK RIGHTS

51. This is an action for the infringement of COUNTER PLAINTIFFS, common law trademark rights. Paragraphs 41 through 50 are realleged and reincorporated herein as a separately stated in this counterclaim, count one.

52. The infringement of EXPRESS CORPORATE's common law trademark rights induced by FSC have resulted in the loss of valuable profits and royalties to EXPRESS CORPORATE and have also resulted in the dilution of EXPRESS CORPORATE'a trademark rights by placing merchandise of inferior value into the both wholesale and retail commerce which bear the trademarks of EXPRESS CORPORATE with respect to apparel items. EXPRESS CORPORATE has been further damaged by the loss of use and interest available from the sums of money it should have received from the trademark rights which have been violated at the inducement of FSC.

53.  Such infringement also causes EXPRESS CORPORATE irreparable injury through the damage to its reputation and goodwill.  Such injury to its reputation and goodwill have no remedy at law.

WHEREFORE, EXPRESS CORPORATE demands trial by jury on all issues so triable together with

 judgment in its favor or all consequential and special damages and for an order enjoining FSC from further inducing the infringement of its trademarks together with an award of the costs of this litigation and a reasonable fee for their attorney.

## COUNTERCLAIM COUNT TWO - DECLARATORY JUDGMENT

54. This is an action for a declaratory judgment. Paragraphs 41 through 50 are realleged and reincorporated herein.

55.  EXPRESS CORPORATE and FSC entered into the agreement attached to the complaint filed by FSC as Exhibit 1.

56. Such agreement was prepared and drafted by FSC. Such agreement includes two paragraphs which result in different contract obligations with respect to the term of the contract. In one paragraph the contract is specified as a contract with a term of two years. The numeral "2" is handwritten in such paragraph 7 immediately before the word "years" when describing the term of the contract, which was executed on February 7, 2008.

57. In a paragraph 8 the contract includes language suggesting that one party or the other could bring about a termination by providing notice to the other party. Such paragraph 8 makes reference to breaches of the contract but does not seem to specifically require a breach of the contract for this notice of termination to become available.

58. EXPRESS CORPORATE has, in reliance upon the strength of its trademarks as well as its long-standing agreement with the Beef O' Brady's organization interpreted this contract to afford it with a two-year period of operation exclusively with FSC subject to adequate performance. Additionally, EXPRESS CORPORATE has always recognized the strength of FSC's trademark rights with respect to its food and beverage service. Accordingly, such contract represented to EXPRESS CORPORATE a continuation of the standard agreement and that FSC would continue to honor EXPRESS CORPORATE's trademark rights with respect to the clothing and apparel items.

59. EXPRESS CORPORATE is now aware that there is a substantial difference in the interpretation of said agreement and that FSC apparently believes such agreement would enable it to acquire the clothing and apparel trademark rights that EXPRESS CORPORATE has developed with respect to the relevant trademarks used in the marketing of clothing and apparel items.

60. Litigation has been initiated with respect to this matter and EXPRESS CORPORATE is desirous of a determination of this Honorable Court of the term of said agreement.

WHEREFORE, EXPRESS CORPORATE demands trial by jury on all issues so triable together with an interpretation of the contract in accordance with the facts found by said jury verdict ordering that FSC will be required to honor the common law trademark rights of EXPRESS CORPORATE until at least February 9, 2010, unless EXPRESS CORPORATE chooses to exercise its option to then transfer such trademark rights.

**COUNTERCLAIM COUNT THREE-INTERFERENCE WITH CONTRACT**

61.     This is an action for interference with contractual rights of EXPRESS CORPORATE. Paragraphs 41 through 50 are realleged and reincorporated as though separately stated in this COUNTERCLAIM COUNT THREE.

62. FSC sells franchise rights with respect to its food and beverage service and its restaurant business. Through the years EXPRESS CORPORATE has, as described above, developed its exclusive trademark rights in trademarks which are related to those of FSC in its restaurant businesses. EXPRESS CORPORATE'S efforts in acquiring the clothing and apparel trademark rights in such trademarks has resulted in its development of numerous contractual relationships with franchisees of FSC and has provided such related clothing and apparel items to such franchisees.

63. Such contractual relationships have benefitted such franchisees, FSC, and EXPRESS CORPORATE, since such contractual relationships have provided quality merchandise to such franchisees, reliability and confidence that the trademarks acquired by EXPRESS CORPORATE will complement and support those trademarks established by FSC in its food and beverage service business, and have provided valuable justice opportunities and profits to EXPRESS CORPORATE.

64. FSC has undertaken a campaign to destroy and interfere with these contractual relationships which have been enjoyed by EXPRESS CORPORATE for many years. Although EXPRESS CORPORATE on good faith and belief would allege that such franchisees agreements provide that they have or ought to have the right to purchase their clothing and apparel items from any source which does not dilute or denigrate the trademark rights of FSC in its food and beverage service businesses, FSC has affirmatively send communications to its

franchisees in which it falsely disparages the business and business practices of EXPRESS CORPORATE and which they forbid and threaten injury to the franchisees of FSC to prevent such franchisees from purchasing any of EXPRESS CORPORATE's trademark apparel and clothing items. The action of FSC in interfering with the contractual rights of EXPRESS CORPORATE has damaged EXPRESS CORPORATE by the loss of sales and profits from the sales of its trademarked clothing and apparel items.  EXPRESS CORPORATE has been further damaged by the loss of use and interest available from the sums of money it should have received from thesales which have been  lost through the unlawful interference of FSC..

65. Such action by FSC has injured and continues to do irreparable injury to EXPRESS CORPORATE by causing it loss of profits and by injury to its reputation and goodwill. With respect to the injuries to its reputation and goodwill there is no adequate remedy at law.

WHEREFORE, EXPRESS CORPORATE demands jury trial on all issues so triable together with judgment in its favor for all consequential, special, and punitive damages together with an award of costs of this action in attorneys fees.

    Respectfully submitted.

    Charles E. Lykes, Jr.
    Counsel for Defendants
    501 S. Ft Harrison Aye, Suite 101
    Clearwater, Florida 33756-5348
    Phone: 727-441-8308; Fax: 727-442-8562
    Email: charles@lykeslaw. com

     s/ Charles E. Lykes, Jr., Esq.
    _____
    FBN: 291341

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 4th day of May, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Frank Jakes, frankj@jpfirm.com

                                                               s/ Charles E. Lykes, Jr., Esq.

                                                               Attorney for Defendants