UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FSC FRANCHISE CO., LLC.,

    Plaintiff,

v.                                                CASE NO: 8:09-cv-454-T-23TGW

EXPRESS CORPORATE APPAREL,
LLC, et al.,

    Defendants.
_____/

## ORDER AND PRELIMINARY INJUNCTION

The plaintiff sues (Doc. 1) the defendants Express Corporate Apparel, LLC, ("Express Corporate") and Richard Donahue for trademark infringement, breach of contract, and false designation of origin. As the franchisor of Beef O'Brady's Family Sports Pubs, the plaintiff granted Express Corporate a license to supply corporate apparel and merchandise to Beef O'Brady's franchises. The plaintiff terminated the license on December 31, 2008. Despite the termination, Express Corporate continues to operate as an approved licensee of the Beef O'Brady's marks.

The plaintiff moves (Doc. 13) for a preliminary injunction, and an April 17, 2009, order (Doc. 15) refers the motion to the magistrate judge for a report and recommendation. Following the magistrate's June 8, 2009, report (Doc. 23), a July 1, 2009, order (Doc. 29) stays this action in light of Express Corporate's pending

bankruptcy.  See 11 U.S.C. § 362.  An August 3, 2009, order of the bankruptcy court (Doc. 33 at 4) grants the plaintiff relief from the automatic stay and permits the plaintiff to pursue this action against Express Corporate.  Accordingly, a September 25, 2009, order (Doc. 35) vacates the stay and directs Express Corporate to show cause why the magistrate's report should not be adopted.  Express Corporate neither responds to the motion for a preliminary injunction nor objects to the magistrate's report recommending that the motion be granted.  Accordingly, the magistrate's report and recommendation (Doc. 23) is **ADOPTED**, and the plaintiff's motion (Doc. 13) for a preliminary injunction is **GRANTED**.

The Court **ADJUDGES** that **effective at 5:00 p.m. on October 6, 2009**, and conditioned upon the plaintiff's posting of a **good and sufficient bond in the amount of $5,000.00**, the defendant Express Corporate; any officer, agent, servant, employee, attorney acting on behalf of Express Corporate; and any other person in active concert or participation with them who receives actual notice of this order by personal service or otherwise, is **ENJOINED** from directly or indirectly:

(1) manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, displaying, or marketing a product bearing a Beef O'Brady's mark or a confusingly similar designation;

(2) engaging in any act causing or likely to cause a consumer to believe that a product or service distributed, offered, advertised, or sold by the defendant is in any way associated or connected with or manufactured, sold, licensed, approved, sponsored, or authorized by the plaintiff; and

(3) assisting, aiding, or abetting any other person or entity to engage in or perform any act proscribed by this injunction.

ORDERED in Tampa, Florida, on October 6, 2009.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE